Argued January 3, affirmed January 31, 1968

STATE OF OREGON, *Respondent, v.*
RODERICK DELANO JOHNSON,
*Appellant.*

437 P. 2d 110

*Kenneth S. Solomon,* Portland, argued the cause and filed briefs for appellant.

*Jacob B. Tanzer,* Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

SLOAN, J.

Defendant was convicted by a jury of the charge of possession of marijuana. Defendant claims that the

marijuana was taken from him during the course of an unlawful search and that the trial court erred in failing to suppress the evidence.

The search resulted from the following facts: About 1 a.m. in the morning a patrol officer named Daggett received information by radio that an escapee from Hillcrest School for Girls was believed to be in Unit 9 of a certain motel in Portland. Daggett and his patrol partner, proceeded to that location. Daggett knocked on the door of Unit 9. A girl opened the door and, by Daggett's testimony, said "Come in." Daggett entered the room.

The girl was scantily clad; defendant was in a bed, nude. Daggett assumed that the girl was the escapee, an assumption that is not questioned. Defendant was arrested, at that time, for violation of a city morals ordinance. Defendant got out of the bed and put on a pair of slacks. Before he was fully dressed, Daggett proceeded to search defendant and his clothing. While the search was in progress, defendant took from some part of his clothing a paper packet and threw it on the bed. Daggett opened the packet, recognized it as marijuana, and arrested defendant on that charge.

On appeal defendant does not challenge the validity of the entry nor the arrest for the obvious morals violation. His claim is that the search was unnecessary on a morals charge or that it exceeded the limits necessary for such an arrest. The assignments of error have no merit.

The evidence discloses nothing but a routine search following the arrest which produced the packet containing marijuana. Daggett's testimony established that he had good reason to believe that the substance was, in fact, marijuana. The case is quite different than *State v. Elkins*, 1966, 245 Or 279, 422 P2d 250, when

the arresting officer seized material which he had no reason to know was contraband. The case also has equally obvious differences with *State v. Jones,* 1967, 248 Or 428, 435 P2d 317.

The evidence supports the trial court's findings of a valid arrest and a reasonable search.

Judgment affirmed.