Argued November 18, affirmed December 18, 1969

STATE OF OREGON, *Respondent, v.*
DOUGLAS R. MARSH,
*Appellant.*
462 P2d 459

*Jack E. Collier,* Portland, argued the cause and filed the brief for appellant.

*Billy L. Williamson,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, Portland.

FORT, J.

This case involves the validity of a search of a person taken into custody as an emotionally disturbed person.

In the early morning hours police were contacted by the defendant, who told them of "a plot from Cuba that somebody had stolen  *   *   *  some musical manuscript" worth $20,000, and he wanted the police to "make them stop." It was stipulated by the defendant at the trial that "the defendant was suffering an emotional condition and needed help because of his emotional condition" at the time in question.

He was taken into custody, both for his own protection and that of his grandmother, with whom he then resided.

Defendant was not arrested but was simply taken into protective custody for transportation to the police emergency hospital. He was at no time here involved placed in jail. At the emergency hospital it was decided to take him to Morningside Hospital. Ambulatory emotionally disturbed persons are customarily transferred to that hospital from the police emergency hospital in a police patrol wagon. That was done here. In order to assure the safety both of the disturbed person and others involved in his processing and transportation, a search is routinely made of such person for weapons or other objects with which an

injury might be inflicted by the patient either on himself or on others. This was done here. Two glassine packages and a metal hide-a-key box containing seeds were found on his person. The police recognized the material in the packages from its then observable characteristics as having every appearance of marihuana, a substance with which each officer was previously familiar, and that in the box as marihuana seeds. Following the seizure of the marihuana the defendant was immediately transported to the Morningside Hospital, and a few days thereafter to the F. H. Dammasch State Hospital for the mentally ill. He was not released from hospital confinement for more than 20 days. Subsequently he was charged with illegal possession of marihuana.

At the trial, defendant moved to suppress the packages and seeds of marihuana as illegally seized. The motion was denied. He waived jury trial and was convicted by the court. He assigns as the sole error the denial of his motion to suppress.

At the outset it should be noted that the defendant concedes that the search of his person for weapons or other objects related to his safety or that of others then present was proper. He asserts, however, under the doctrine announced in *State v. Elkins,* 245 Or 279, 422 P2d 250 (1966), that the evidence was inadmissible.

In that case the Supreme Court held that an officer who made a lawful arrest for intoxication and was conducting a lawful search of the defendant pursuant thereto was not authorized to take white pills of which he was suspicious but did not know to be contraband, notwithstanding that upon subsequent examination of the pills his suspicions proved to be well

founded. The decision was based expressly upon the fact that the officer lacked any probable cause to believe the material seized was contraband at the time it was seized. *State v. Johnson*, 249 Or 55, 437 P2d 110 (1968).

The defendant at no time relevant to the problem here presented was arrested. He was taken into custody under the provisions of ORS 426.215(1). This statute provides, so far as here relevant:

> "Any peace officer may take into custody any person who he has reasonable cause to believe is dangerous to himself or to any other person and who he has reasonable cause to believe is in need of immediate care or treatment for mental illness * * * * *"

He concedes that the action of the police was proper in so doing and affirmatively acknowledges that at the time he was indeed a person "in need of immediate care or treatment for mental illness." Nor does he question but that he was in need of the immediate hospitalization directed by that statute.

■■ We hold that the police, when lawfully taking a person into custody under ORS 426.215, have the right to search that person, not alone for such articles as may be lawfully seized following a valid arrest, but for such further objects, including pills or other apparent medications, as may appear reasonably related to diagnosing or treating his apparent mental or physical condition. The purpose of the statute is to secure immediate care and treatment of the person taken into custody under it. Seizure from his person of articles reasonably related to the accomplishment of this purpose is proper. Because under such rule an object seized may be a narcotic or other contraband

does not affect the right to seize it. Indeed the prompt identification of the substance seized may well be the key to effective emergency treatment. That the article proves to be contraband does not under such circumstances render the seizure invalid. Nor is the state, having validly seized it, required to close its eyes to the fact that its possession may also be a crime. *Abel v. United States,* 362 US 217, 80 S Ct 683, 4 L Ed 2d 668 (1960); *State v. Chinn,* 231 Or 259, 373 P2d 392 (1962).

■ Furthermore, here, unlike *Elkins,* supra, the police did have reasonable cause to believe the articles seized were marihuana. The search of the defendant is conceded to have been proper. The officers both testified that they were familiar with marihuana and marihuana seeds from prior occasions and that the material observed on the defendant appeared to be similar. They had reasonable basis for their belief based upon a prior familiarity with the material. *State v. Johnson,* supra.

The assignment of error is without merit. The judgment is affirmed.