## STATE OF OREGON,
*Appellant,*

*v.*

## ALLEN MICHAEL KEYES,
*Respondent.*

(C81-11-35723; CA A23960)

657 P2d 724

James E. Mountain, Jr., Deputy Solicitor General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Sheryl D. Schneider, Certified Law Student, Salem.

Marc Sussman, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The state appeals a pretrial order suppressing evidence found and seized in a "custodial search" before defendant was taken to a booking facility on a "civil hold" for public intoxication under ORS 426.460.

In *State v. Newman,* 292 Or 216, 637 P2d 143 (1981), the Supreme Court held that the police cannot, without a warrant, search the property of an intoxicated person for identification at the time the person is taken into custody for transportation to a treatment or holding facility under ORS 426.460. In *State v. Lawrence,* 58 Or App 423, 648 P2d 1332, *rev den* 293 Or 801 (1982), we held that the police cannot, without a warrant, open a closed container seized from an intoxicated person at the time he is processed into a holding facility under ORS 426.460, if the purpose of the search is to detect evidence of crime rather than to aid the person. The issue in this case is whether the police may conduct a full custodial search, without a warrant, of an intoxicated person before transporting him to a holding facility under ORS 426.460 when the purpose is to detect contraband as well as weapons.

At approximately 2:52 a.m. on November 7, 1981, Portland police officers responded to a report of a fight at a restaurant. When the officers arrived, defendant, who was visibly intoxicated, was engaged in a verbal confrontation with another person outside the restaurant. When the argument escalated, one of the officers intervened by pushing defendant backward. He fell to the ground. He was then handcuffed and taken into custody pursuant to ORS 426.460. The officers decided to take defendant to the Multnomah County Booking Facility, because they believed that the county's treatment facility was not accepting people at that hour and would not accept violent persons.

Before placing defendant in the patrol car, the officers conducted a "custodial search" of defendant for weapons and contraband, a search they regularly do "prior to transporting anyone anywhere." However, there were no reports of weapons at the scene of the fight, defendant was not seen with a weapon and, during a "patting-down" of his

clothing, there was no indication of a weapon.[1] In the inside pocket of his sportcoat, the officers found a small brown glass vial that contained a white crystalline substance that one of the officers claimed to recognize as cocaine. They also found a small spoon in a coin purse that was in an outside pocket. Defendant was then arrested for possession of a controlled substance. ORS 475.992.

The state cites *State v. Newman, supra,* 292 Or at 224, for the proposition that the test of each step in the police procedure under ORS 426.460 is reasonableness. It argues that the search of defendant's person for weapons and contraband before transporting him to the booking facility was reasonably necessary for the protection of the officers, the defendant and the general jail population into which defendant was to be introduced. This argument presupposes that there is no constitutional difference between a search conducted at the scene of the stop and one conducted at the booking facility. However, it is clear from *Newman* that the time of the search is significant. That is, the Supreme Court held that, irrespective of whether the police could legitimately conduct the challenged search at the time of booking, the police could not do so at the time and for the purpose that they did search. We similarly do not decide whether the police could legitimately search defendant for weapons and contraband at the booking facility; we limit our inquiry to whether they could do so at the scene of the stop.

In *State v. Lawrence, supra,* 58 Or App at 430, we pointed out that what may be reasonable police procedure with respect to a person under criminal arrest may not be so with respect to one under a "civil hold." The purpose of ORS 426.460 is to protect intoxicated persons. In dicta in *Lawrence* we said:

> "[I]t would seem reasonable for an officer taking an intoxicated person into custody to conduct a limited 'pat-down' search for weapons to ensure the safety of the officer, if the officer has a legitimate concern." 58 Or App at 430.

---

[1] One of the officers testified that he patted down defendant at the same time that he searched his pockets. However, he also said that when he patted him down, there was nothing that felt like a weapon.

We adhere to that view. However, that was not the kind of search conducted in the present case. There was no difference between this search and one conducted pursuant to a criminal arrest. The interior and exterior pockets of defendant's clothing were searched for contraband as well as weapons. Given the Supreme Court's reasoning in *Newman* that the search of defendant's purse at the scene of the stop was unreasonable, because it was unnecessary to know her identity in order to take her to a holding facility, we similarly hold in this case that it was unnecessary to determine at the time of the stop whether defendant possessed contraband and to search the interior of defendant's pockets for a weapon when a "pat-down" furnished no basis to believe there was one.[2] *Compare State v. Caraher,* 293 Or 741, 653 P2d 942 (1982), where an post-arrest search of a purse was sustained on the ground that it was reasonable to believe that the defendant was carrying contraband.

Affirmed.

---

[2] The state also argues that the search of defendant should be upheld under *State v. Marsh,* 1 Or App 351, 462 P2d 459 (1969), where the defendant was taken into protective custody under ORS 426.215(1) as an emotionally disturbed person. In *Marsh,* we upheld the defendant's conviction for possession of marijuana based on evidence seized from him during a search conducted en route to a hospital. We held the seizure of a packaged substance to be reasonably related to diagnosing or treating his apparent mental or physical condition. In *Marsh,* the identification of substances in defendant's possession was necessary for effective emergency treatment, but there is no claim here that the police were seeking to provide defendant with medical treatment or do anything other than transport him to a booking facility because he was intoxicated. *See State v. Lawrence, supra,* 58 Or App at 429-30.