Argued and submitted October 25, 1989, reversed and remanded for new trial
June 27, 1990

# STATE OF OREGON,
*Respondent,*

*v.*

# RUSSELL JOHN GRELINGER,
*Appellant.*

## (10-88-00634; CA A60181)

794 P2d 446

Stephen Behrends, Eugene, filed the brief for appellant.

Timothy Sylwester, Assistant Attorney General, Salem,

argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Diane S. Lefkow, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals his conviction for possession of a controlled substance. ORS 475.992(4)(b). He assigns as error the trial court's denial of his motion to suppress evidence found during an illegal search of his person. We reverse.

On December 25, 1987, police officers went to a home to investigate a domestic dispute. They found defendant in a very intoxicated state and decided to take him into protective civil custody. ORS 426.460(1). Officer Slimak called in defendant's name for a records check. Next, Officer Putnam patted defendant down. Putnam felt a compact in defendant's pocket. On the basis of his experience, Putnam knew that compacts frequently are used to hold drugs. He removed the compact, and it smelled of methamphetamine. He opened it and discovered a powdery substance, which was later determined to be methamphetamine. Immediately thereafter, Putnam learned that there was an outstanding warrant for defendant's arrest for driving while suspended.

When taking a person into protective civil custody, an officer generally may search the person only for weapons. *State v. Keyes,* 61 Or App 434, 657 P2d 724 (1983). The trial court found that the officer did not reasonably think that the compact was a weapon and, therefore, held that the removal of the compact violated Article I, section 9, of the Oregon Constitution. It also held, however, that suppression was not required, because the evidence inevitably would have been discovered. It reasoned that, once the arrest warrant was discovered, the officer could have searched defendant incident to the arrest, and the discovery of the compact then would have been lawful. Defendant contends, and the state agrees, that the inevitable discovery doctrine applies only to remove the taint of illegality from evidence that is discovered subsequently as a result of the illegal seizure of other evidence, not to primary evidence seized during an unlawful search, as in this case.

The inevitable discovery doctrine provides an exception to the rule that evidence unlawfully obtained must be suppressed. *State v. Hacker,* 51 Or App 743, 627 P2d 11 (1981).

ORS 133.683,[1] enacted in 1973, codifies the doctrine as applied to derivative evidence discovered as a result of an unlawful search and seizure.[2] *State v. Miller,* 300 Or 203, 709 P2d 225 (1985). Recently, we held that the statute prohibits application of the doctrine to primary evidence.[3] *State v. Schellhorn,* 95 Or App 297, 769 P2d 221 (1989). There is some question whether we may have read *Miller* too broadly. We need not decide that, however, because, even if the doctrine does apply to primary evidence, the trial court erred in concluding that the discovery of the compact would have been lawful if it was the product of a search incident to an arrest under the warrant.

The scope of a search incident to arrest is broader than one involved in a civil hold only to the extent that an officer making an arrest may search for evidence of the crime for which the arrest is made. *See State v. Owens,* 302 Or 196, 729 P2d 524 (1986); *State v. Keyes, supra,* 61 Or App at 436. An arrest warrant for driving while suspended does not necessarily entitle an officer to search for evidence, especially when the crime has been committed at some indefinite time in the past, as here. *See State v. Owens, supra,* 302 Or at 200. The officer did not testify that he had reason to think that defendant would possess evidence of the crime of driving while suspended at the time of the arrest. Given the facts of this case, the officer could conduct only a limited pat down. Because the trial court found that the officer could not have thought that the compact was a weapon, its removal was

---

[1] ORS 133.683 provides:

"If a search or seizure is carried out in such a manner that things seized in the course of the search would be subject to suppression, and if as a result of such search or seizure other evidence is discovered subsequently and offered against a defendant, such evidence shall be subject to a motion to suppress unless the prosecution establishes by a preponderance of the evidence that such evidence would have been discovered by law enforcement authorities irrespective of such search or seizure, and the court finds that exclusion of such evidence is not necessary to deter violations of ORS 133.525 to 133.703."

[2] The statute was intended to reflect "fairly well-established concepts." *Commentary to the Proposed Oregon Criminal Procedure Code* 106, § 167 (1972), says:

"This section undertakes a statement of the 'fruit of the poisonous tree' doctrine as applied to search and seizure, under the requirements first laid down in *Silverthorne Lumber Co. v. United States,* 251 US 385 [40 S Ct 182, 64 L Ed 319] (1920)."

[3] For a discussion of the application of the doctrine to primary evidence, *see* 4 LaFave, *Search and Seizure* 379-80, § 11.4(a) (2d ed 1987).

unlawful. The trial court erred by denying defendant's motion to suppress.

Reversed and remanded for a new trial.